DISTRICT COURT OF Hamilton County, Chattanooga, Tennessee

Marta Iznaga, Debbie Gilreath,  ) Case No.: 1:12-cv-189 Mattice/L
Anika Bass, _____ )
    Plaintiff, ) COMPLAINT
  vs. )
Jim Coppinger & Hamilton County )
Government, )
    Defendant )

Concerning the employment layoff of June 15, 2011. We did not receive notice of our layoff until June 15, 2011. Pursuant to Section 216-Reduction in Force of the handbook, We were entitled to be notified in writing and given the reasons for the layoff at least fourteen (14) days prior to the effective date of our layoff, which was June 15, 2011. We did not receive this notice. Pursuant to Section 202(d) of the Hamilton County Government Employee Handbook, approval July 21, 2010, we were entitled to elect voluntary demotion or transfer to another available position at the same salary level in lieu of layoff. We were not given this option. A job fair was offered the following Monday where 42 positions were available, but were not given any employment.

Pursuant to Section 202(d), 216 (11) and 702 (b) of the Employee Handbook, we request a voluntary demotion or a transfer to another available position at the same salary level as provided in Section 216

(11) and 702 (b) of the Employee Handbook. Section 216 (12) of the
Handbook also provides that we the client will be considered for
employment when appointments are made to the class of position
affected by the reduction in force, or to other positions within the
agency, within one year of the date of his/her layoff.

We were all excellent employees and have work for the county for many
years. We did above and beyond our work expectations.

    Plaintiff brings forth the following causes of action and alleges
the following:
1. Mr. Coppinger stated that the layoffs were necessary due to lack
   of funding. But yet, many new employees have been hired since
   the layoff.
   a. Annual longevity checks were raised December 2011.
   b. Promising raises to all employees.
   c. Money for furniture, painting and other unnecessary
      expenses have been allocated.
2. On June 15, 2011 Mr. Coppinger had us humiliated, escorted to our
   desk then off
   site just like you would a criminal. We are not criminals. This
   action not only caused financial distress it caused mental
   anguish and stress that was not justified or necessary. Our
   families were and still are affected by this humiliation,
   emotional distress, mental anguish and financial distress.

**DAMAGES**

*("Prayer for Relief")*

WHEREFORE, Plaintiffs seek compensatory damages in the amount of $1,000,000.00 EACH for back pay, benefits and mental anguish to us and our family together with any attorney fees and any court costs.

We request to be reinstated to Hamilton County Government with previous full benefits. Vacation time reinstated. Continuum of benefits.

We ask that those that were also laid off be reinstated.

We ask a full financial public disclosure to the tax payers. Please explain how you have No money one day then the next time you have money for raises and other things.

We ask that county be responsible for not only developing policy and procedures but following them as well.

## Tenn. Code Ann. § 5-23-103 (2012)

**5-23-103. Adoption of base personnel policies.**

**(a)** Each county official shall adopt base personnel policies, which shall be approved by an attorney as provided in this chapter and filed in the office of the county clerk as provided in this section on or before December 31, 1997. The county official shall submit the base personnel policies to the attorney selected in accordance with § 5-23-105, to be reviewed for compliance with the provisions of this chapter and other applicable law. In the event that any policy is not approved by such attorney, the county official may challenge the conclusion of the attorney as to such policy and have such policy reviewed by another attorney selected by the county official and paid from the fees of the office or funds budgeted for the office or department, and the conclusion of that attorney shall be final. The county official shall submit the

approved base personnel policies with the county legislative body in the same manner established in subsection (a).

**HISTORY:** Acts 1997, ch. 361, § 3; 1998, ch. 596, §§ 1, 3; 2003, ch. 90, § 2.

Tennessee Code Annotated:

**5-1-105. Suits against counties.**

Suits may be maintained against a county for any just claim, as against other corporations.

**HISTORY:** Code 1858, § 403 (deriv. Acts 1857-1858, ch. 15, §§ 1, 2); Shan., § 494; Code 1932, § 740; Acts 1972, ch. 565, § 2; T.C.A. (orig. ed.), § 5-105.

**5-1-107. Mandamus to enforce county duties.**

The performance of any duty made incumbent by law upon the county may be enforced by mandamus from the circuit court, according to the nature of the case.

**HISTORY:** Code 1858, § 537; Shan., § 684; Code 1932, § 1080; T.C.A. (orig. ed.), § 5-107.

ON 6-10-12, on THE voice 2020 (Sunday 1pm-2pm). WMPZ F9 DR. Rick Wilson, Political Science Professor, Explained on Radio How this was a wrongdoing on the countys behalf. He also stated that the county did come up with the money the said was defict plus 3,000 more. Which proves the county had the means to keep us employed. And laying us off for lack of funds is incorrect.

MARTA IZNAGA - P.O. BOX 1331 - Collegedale, TN 37315
Phone - 678-301-8619
Debbie GilReath - 181 - N. Brent DR. - Ringgold, GA. 30736
Phon - 423-280-2868
Aneka Bass - 400-1945

| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

### REQUEST OF THE COURTS

We the plaintiffs ask the courts for an extension / time to secure an attorney to assist us with this matter.

Dated this 14th day of June, 2012

State of Tenn County of Hamilton
Subscribed and sworn/affirmed to before
me this 14th day of Jun
2012 by Deborah R Gilreath / Marta Iznaga
Robbie E Dodd        Notary Public
My Commission Expires 2/17/16

Deborah R. Gilreath
Marta Iznaga
Pro Se

[Seal: ROBBIE E. DODD, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY of HAMILTON]