UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

MARTA IZNAGA, DEBBIE GILREATH,     )
and ANIKA BASS,                    )
                                   )
            Plaintiffs,            )
                                   )
v.                                 )         Case No: 1:12-cv-189
                                   )         *Mattice / Lee*
JIM COPPINGER and HAMILTON         )
COUNTY GOVERNMENT,                 )
                                   )
            Defendants.            )


## REPORT AND RECOMMENDATION

Before the Court is an Application to Proceed *In Forma Pauperis* ("Application") [Doc. 7] filed by Plaintiff Anneka Bass.[1]  In this case, which involves three *pro se* Plaintiffs suing a former employer, the Court previously indicated that in order for the case to proceed without payment of the filing fee, all three *pro se* Plaintiffs must qualify for *in forma pauperis* status [Docs. 3 & 4].  The Court recently granted the application submitted by Plaintiff Marta Iznaga [Doc. 6] finding she was indigent, but the Court again stated that all three Plaintiffs had to qualify for *in forma pauperis* status before their claims could proceed without payment of the civil filing fee.

Ms. Bass's Application does not establish an inability to pay the filing fee and she does not

---

[1] Plaintiff's first name is spelled "Anika" in the complaint [Doc. 2], but in her Application, Plaintiff spells her name "Anneka."

qualify for *in forma pauperis* status. Therefore, I **RECOMMEND**[2] that Ms. Bass's Application

[Doc. 7] be **DENIED**. Because at least one of the three Plaintiffs is not indigent and does not

qualify to proceed *in forma pauperis*, I further **RECOMMEND** that Plaintiffs be assessed the civil

filing fee.

       SO ORDERED.

       ENTER:

                    s/ *Susan K. Lee*

                    SUSAN K. LEE
                    UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).